1  UNITED STATES DISTRICT COURT

2  SOUTHERN DISTRICT OF TEXAS

3  — — —

   HONORABLE JOHN D. RAINEY, JUDGE PRESIDING

4  _____

   UNITED STATES OF AMERICA,   Case No. V-18-0064

5  Plaintiff,

6  vs.

7  NELSON BAHENA-GARCIA,

8  Defendant.

9  _____

   PRETRIAL CONFERENCE

10

   OFFICIAL REPORTER'S TRANSCRIPT OF PROCEEDINGS

11

   Houston, Texas

12

   March 5, 2019

13 _____

14 APPEARANCES:

15  For the Plaintiff:    Patricia Hubert Booth, Esq.

16

    For the Defendant:    Francisco Morales, Esq.

17

18  Reported by:          Nichole Forrest, RDR, CRR, CRC
                          Official Court Reporter
19                        United States District Court
                          Southern District of Texas
20                        nichole_forrest@txs.uscourts.gov

21

22 Proceedings recorded by mechanical stenography.  Transcript
   produced by Reporter on computer.

23

24

25

# PROCEEDINGS
_____

        (The following proceedings held in open court.)

                            *   *   *

        THE COURT:  V-18-0064, United States of America
versus Nelson Bahena-Garcia.

        MS. BOOTH:  Patti Hubert Booth for the United
States.

        MR. MORALES:  Frank Morales for Mr. Garcia.

        THE COURT:  What are we doing on this?

        MR. MORALES:  I'm ready try this case.  We have a
motion from the government trying to certify this case as
complex.

        MS. BOOTH:  We can try this, Your Honor.  I will be
seeking another indictment for hostage-taking.

        MR. MORALES:  That is what we've heard for the last
six months.

        MS. BOOTH:  Your Honor, we had a witness that we had
been looking for.  We just found him in Houston, brought him
down and debriefed him this week.

        MR. MORALES:  And doesn't give any indication that a
hostage-taking occurred.

        THE COURT:  Ms. Booth, obviously you want to take it
to the grand jury this month and see if you can do it.  If
you can't get it this month, let's try it.

```
1          MS. BOOTH:  Yes, sir.  That's fine.
2          THE COURT:  Let's set it on the next docket for
3     pretrial conference and go ahead and have a trial date.  And
4     obviously, if she supersedes, adds something that you need
5     more time to conduct discovery on, you can tell me at that
6     next pretrial conference and we can move it.
7        Right now let's --
8          MR. MORALES:  Judge, my client is present in the
9     courtroom.  He doesn't speak English.  Do you want me to
10    communicate --
11         THE COURT:  Have him brought up.  Make sure he can
12    follow all this.
13       Mr. Garcia, this is the pretrial conference on your case.
14         THE DEFENDANT:  Yes.
15         THE COURT:  Your lawyer just indicated you would
16    like to have a trial.  And we're going to -- the government
17    has indicated they may seek a superseding indictment.  We'll
18    give the government an opportunity to do that this month.
19    I'll reset you for a pretrial conference on April 2 at
20    10:00.
21       And we're going to tentatively -- or we'll go ahead and
22    schedule you for a trial in April in the event you and your
23    lawyer are ready to proceed.  If not, we will consider a
24    continuance at the April 2 pretrial conference.
25         THE DEFENDANT:  That's fine.
```

MR. MORALES:  For Mr. Garcia's benefit, I did say that we're ready to go.  He doesn't want this case delayed anymore, that I chastised the government for moving to make the case complex because it's been saying the same thing for the past six months.  And we're just asking to get your job done or get off the pot; one of the two.

THE COURT:  Okay.  That is what we're going to do --

MS. BOOTH:  We won't dillydally.  This involves the death of young woman that was sexually assaulted and dumped in the County of Victoria after he transported her.

THE COURT:  Okay.  Well, here is where we are:  This is a criminal prosecution.  He's requested a trial.  If you want a continuance, file a motion and tell me why.

I'm going to give you this month to supercede your indictment.  If you can't do it for some reason, just file a motion to continue.  We need to keep the record straight because more than likely it will be appealed.

MS. BOOTH:  Exactly.

THE COURT:  You may have a valid reason for a continuance.  I'll consider it.  But let's put it on the record.  Right now what's on the record is he wants a speedy trial.

MS. BOOTH:  We have had pretrial in the past where I have -- I believe that the defense agreed with me that this was a case that could be certified as complex.  And I

1    believe that was prior.  I just didn't present the motion.

2       I presented it today.  So that is what I've been dealing

3    with.

4            THE COURT:  You presented it today?  You mean

5    orally?

6            MS. BOOTH:  No.  I gave him the written --

7            THE COURT:  I don't have it in the file.

8            MS. BOOTH:  I haven't filed it yet because I gave it

9    to him first.  I was going to file it with the Court.

10           THE COURT:  Mr. Morales, you want until the next

11   pretrial to determine whether you think it should be

12   complex?

13           MR. MORALES:  Yes, Your Honor, if I could.

14           THE COURT:  Let's not set it for trial right now.

15   Let's just have a pretrial conference on April 2.  See where

16   we stand.  If you agree it's a complex case, should be

17   certified, we'll do that and proceed from there.

18      If you do not, we'll hear argument on it.  We'll see

19   where the government stands on the superseding indictment

20   and we'll go from there.

21           MR. MORALES:  Your Honor, if I could, looking at the

22   government's motion to certify the case as complex, heading

23   number 2 in the motion talks about the death of an

24   undocumented person, forensic analysis of that death and

25   needed to be done and it requires hiring an expert.

The last time we were before the Court, an autopsy had been completed on the decedent, and I asked the Court for a protective order and disclosure of that autopsy. And I haven't gotten that. And now the government's fishing for a second autopsy.

THE COURT: You're saying you asked for that and I granted it?

MR. MORALES: Yes, Your Honor.

THE COURT: Was that in writing?

MR. MORALES: Not in writing.

MS. BOOTH: That's not what happened. We're not fishing around for a second one.

What happened was they began an autopsy and did nothing. They started with an autopsy. We asked them to please stop. We got a second -- we hired a second -- there was some problem with getting money because of the shutdown and all of this.

But the County of Victoria paid the $5,000, went ahead and paid for the autopsy. We got Dr. Farley from the Valley, who is very used to doing these examinations of undocumented aliens that died in the brush and/or been a victim of violent crime through transporting.

I don't have a written report yet. But that's where we are right there.

THE COURT: When you have it, you'll give it to

Mr. Morales?

MS. BOOTH: Sure.

THE COURT: So ordered.

MR. MORALES: Judge, is there a written report of the first --

MS. BOOTH: No. I don't believe -- what happened is they started the autopsy in Austin. We asked for them to stop, that I wanted a different doctor to do it. They stopped where they were. I believe there is -- I will get whatever they have.

But from talking to Dr. Farley, she had to go -- she did the autopsy. We had the body taken to the Valley. She did the autopsy. But parts of the body had been removed and were in Austin. She had to go up to Austin to review what had been --

THE COURT: Stacie, review the docket for April 2, in the morning, and tell me what settings we have. We need to keep this case separate from all the others to give us time to discuss this. This thing is obviously a serious matter that we need to allow more time for discussions, instead of just the routine docket where we are taking pleas and continuing cases and setting for trial, all that stuff.

MR. MORALES: Yes, sir.

THE COURT: What do we have on April 2 in the morning starting at 10:00?

1    THE CASE MANAGER:  Right now you've got one you just

2  set from -- I'm sorry.  April 2.

3    THE COURT:  Do we have anything at 11:30?

4    THE CASE MANAGER:  It's Benoit.  We can move that

5  because you may not be able to do that in 30 minutes anyway.

6    MR. MORALES:  That's my case.

7    THE COURT:  You're Benoit?

8    MR. MORALES:  I'm sure we can get it done in 30

9  minutes.

10    THE COURT:  You say you think you can?

11    MR. MORALES:  Yes.

12    THE COURT:  It's set for 11:30?

13    THE CASE MANAGER:  Yes, sir.  We have another

14  sentencing before that at 11:15.

15    THE COURT:  How about 11:00?

16    THE CASE MANAGER:  We set Frank's sentencing that

17  morning.  So we can shuffle them if we have to.

18    MR. MORALES:  I don't anticipate anything in that as

19  well.

20    THE COURT:  Let's set it 11:00.  As Stacie said,

21  we'll shuffle them around to where we'll have time for

22  everything.

23     11:00, April 2 pretrial conference on this case.

24    MR. MORALES:  Very well.

25    THE COURT:  All right.  Very well.  Thank you.

1

2                    (Proceedings concluded.)

3

4                 C E R T I F I C A T E

5

6        I hereby certify that pursuant to Title 28,

7   Section 753 United States Code, the foregoing is a true and

8   correct transcript of the stenographically reported

9   proceedings in the above matter.

10        Certified on April 23, 2019.

11

12
          /s/ Nichole Forrest
13        Nichole Forrest, RDR, CRR, CRC

14

15

16

17

18

19

20

21

22

23

24

25